STEVENS v. OVERTURF.

PRACTICE.—*Pleading.*—*Demurrer.*—Where a demurrer has been sustained
to a special answer, the reply thereto goes with it, and no question arises
upon the subsequent sustaining of a demurrer to the reply.

ACTION TO QUIET TITLE.—*Setting aside Sheriff's Sale on Decree.*—*Open and*
*Close.*—*Judgment on Pleadings.*—*Evidence.*—*Foreclosure of Mortgage.*—
*Subsequent Purchaser.*—*Evidence.*—*Attacking Judgment Collaterally.*—
*Instruction.*—In an action by one claiming title to real estate under a con-
veyance of a certain date, to set aside a certain sheriff's sale of the same to
the defendant and to quiet the plaintiff's title, the defendant answered by
a special plea, admitting the title claimed by the plaintiff, but alleging
that, prior to the conveyance to the plaintiff, the defendant had purchased
the real estate in question, and received a certificate of sale, at a Sheriff's
sale of the same on a decree of foreclosure of a mortgage thereon, executed
by the plaintiff's grantor to a third person.

*Held*, that, on issue formed by a reply of general denial, the defendant was
entitled to the open and close.

*Held*, also, that, on such issue, the plaintiff was not entitled to judgment on
the pleadings.

*Held*, also, that the complaint and record in the foreclosure suit were com-
petent evidence against the plaintiff.

*Held*, also, that evidence attacking the description of the land contained in
the mortgage is incompetent.

*Held*, also, that a declaration by the court, in the hearing of the jury, that
it would instruct them that the description in the mortgage was that of
the land in controversy, was not erroneous.

From the Ripley Circuit Court.

*S. M. Jones* and *H. W. Harrington*, for appellant.

*J. B. Rebuck* and *W. D. Ward*, for appellee.

BIDDLE, J.—The complaint, by the appellant against the
appellee, avers, that the appellant is the owner in fee-sim-
ple of the west half of the south-west quarter of section
thirty-six, in township eight, range ten east, by purchase,
for a valuable consideration, from Mary J. Murdock, on the
18th day of August, 1873; that the appellee claims a cer-
tain title, adverse thereto, by a sheriff's sale; prayer, that
said sale may be set aside, and the title quieted in the
appellant.

The appellee answered by a first paragraph, admitting the purchase of the land by the appellant from Mary J. Murdock, as charged in the complaint, but averring, that, on the 19th day of February, 1872, the said Mary, with her husband, Hezekiah Murdock, had mortgaged the land to John Overturf, who, on the 16th day of April, 1873, filed his complaint in the Ripley Circuit Court to foreclose the mortgage, to which complaint Mary J. Murdock and her husband filed their answer, upon which issue proceedings were had, and the foreclosure of the mortgage and the sale of the land decreed; that the land, under the decree, was duly sold by the sheriff of the county, and bought by the appellee, who received a certificate of purchase which he still holds,—all of which is formally alleged.

A demurrer, founded upon the alleged insufficiency of the facts stated in the first paragraph of the answer, was overruled by the court, and exceptions reserved to the ruling. A second paragraph of answer was filed, to which a demurrer was sustained; and a general reply in denial, with two special paragraphs pleaded to the second paragraph of answer, were filed; to which latter paragraphs of reply demurrers were sustained, and exceptions reserved; but, as the second paragraph of answer went out of the record by the demurrer, of course the reply to it went with it. We therefore give them no further consideration. The cause was then tried by a jury, on the issues formed by the complaint, the first paragraph of answer, and the reply of general denial, and a verdict rendered for the appellee. Over the usual motions and exceptions, judgment was rendered on the verdict, and the case appealed to this court. We will consider the questions as they are discussed by the appellant in his brief.

1. At the trial the court refused to allow the appellant to open and close the case. There is no error in this ruling. The answer admits the title, as it is claimed in the

complaint; there was, therefore, nothing for the appellant to do in the case but to put the appellee to the proof of the facts alleged in his answer.

2. The appellant also claims, that "the court erred in admitting the complaint and record in the foreclosure suit in evidence, because the plaintiff was not a party to the suit." We can see no force in this objection. The defendants below were parties to the suit, and appeared and answered; they were, therefore, bound by the record. It was not necessary that the plaintiff should have been a party. He was not a party to the mortgage; and it does not appear, that, at that time, he had any interest in the land. Besides, a record can not be attacked collaterally in that manner.

3. The appellant offered to prove by experts, that the description of the land in the mortgage, on which the decree was rendered, and under which decree the appellee claims, was the "west half of the south-east quarter, instead of the west half of the south-west quarter," etc. An objection to the evidence was sustained by the court. Of this ruling the appellant complains. The evidence was properly rejected. The decree was for the sale of the south-west quarter, the same land described in the complaint. That settled the question; and it would have been improper to go behind the decree and attack the mortgage upon which the decree was founded.

4. The court, during the trial, remarked, in the presence of the jury, that in this case he would instruct the jury that the mortgage in controversy read, "the west half of the south-west quarter of section thirty-six, town eight, range ten east." To this the appellant excepted, and of it complains; but in this the court committed no error. The mortgage was not in controversy; it was merged in the decree; and, if it had been in controversy, it would have been the court's province and duty to inter-

pret its words and their meaning to the jury, without the aid of experts, or testimony of any kind, except the mortgage itself.

5. The appellant thinks he ought to have had judgment in his favor on the pleadings, according to his motion. We think otherwise. It is true, the only paragraph of answer in issue confessed the appellant's title as he stated it in the complaint; but it also avoided it by affirmative matter. This did not entitle the appellant to judgment in his favor upon the pleadings; but his reply in denial put the appellee to the proof of the affirmative matter alleged in the answer.

We have thus examined and decided all the questions presented by the record.

The judgment is affirmed, at the costs of the appellant.